UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN K. MOMANY,

       Plaintiff,                                   Case No. 17-cv-10626

v.                                                     Paul D. Borman
                                                       United States District Judge

COMMISSIONER OF                      Anthony P. Patti
SOCIAL SECURITY,                       United States Magistrate Judge

       Defendant.
_____/

<u>OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
JANUARY 23, 2019 REPORT AND RECOMMENDATION (ECF NO. 18),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 22)
(3) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 15),
(4) GRANTING THE DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 17), AND
(5) AFFIRMING THE DECISION OF THE COMMISSIONER</u>

On January 23, 2019, Magistrate Judge Anthony P. Patti issued a Report and Recommendation to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. (ECF No. 18, Report and Recommendation "R&R".) On February 20, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No.

1

22.)¹ Defendant filed a Response to Plaintiff's Objections. (ECF No. 23.) Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 17), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 15), and AFFIRMS the findings of the Commissioner.

I. BACKGROUND

The Magistrate Judge thoroughly set forth the factual background and the administrative history in his R&R. To summarize as pertinent to Plaintiff's objections, the Administrative Law Judge ("ALJ") determined that Plaintiff had the

---

¹ Plaintiff's objections were originally due on February 6, 2019. On February 5, 2019, the day before the objections were due, Plaintiff filed an *ex parte* motion seeking an additional 14 days to file objections, citing the press of other work. (ECF No. 19, Ex Parte Motion to Extend Time.) The Court granted the Plaintiff's motion for more time, and the objections were due on February 20, 2019. (2/11/19 Text Only Order granting Plaintiff's motion for more time.) On February 20, 2019, the day the objections were due based on the previously granted extension of time, Plaintiff filed another motion for more time, this time citing the press of other work, obligations caring for her mother, and weather complications preventing her staff from attending to her clerical work. (ECF No. 20.) The Court denied this motion, noting that Plaintiff had been given nearly a month to file objections and waited until the day the objections were due (after having already been granted one extension) to seek a second extension of time. (ECF No. 21, Order Denying Motion for Extension of Time.) Plaintiff then filed these timely objections on February 20, 2019.

2

following severe impairments: degenerative joint disease, status post left shoulder surgery, degenerative disc disease, history of deep vein thrombosis, and factor V Leiden deficiency. (ECF No. 11, Transcript of Administrative Record ("R.") 32.) The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 32-33.) The ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work with certain restrictions. (R. 33.) Additional record evidence will be discussed in this Opinion and Order as necessary to the Court's resolution of Plaintiff's single objection.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially

consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*,

299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged

with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### III. ANALYSIS

Plaintiff's objection is largely a cut and paste of his summary judgment brief

and raises the following single objection to the Magistrate Judge's R&R which, as discussed *infra*, the Court overrules:

> **"The Magistrate Judge erred in providing *post hoc* rationale for the ALJ's complete lack of analysis of any Listed Impairments."**

Plaintiff argues that the ALJ's Step Three discussion of whether Plaintiff's severe impairments meet or medically equal Listings 1.04 and/or 4.11 was not supported by substantial evidence and urges this Court to conclude that the Magistrate Judge engaged in impermissible *post hoc* rationalization for the ALJ's failed analysis. The Magistrate Judge correctly observed that "[a] claimant's impairment must meet every element of a Listing before the Commissioner may conclude that [he] is disabled at Step 3 of the sequential evaluation process," and the claimant bears the burden to prove that each of the elements is satisfied. (R&R 13, PgID 983.) The Magistrate Judge further correctly notes that "it is well established that the Court may look at the rest of the ALJ's decision in order to determine whether substantial evidence supports the ALJ's Step Three determination." (R&R 13-14, PgID 983-84.) And finally, the Magistrate Judge applied the well accepted notion that "an ALJ's failure to articulate Step 3 findings is harmless where concrete factual and medical evidence is apparent in the record and shows that even if the ALJ had made the required findings, the ALJ would have found the claimant not disabled. . . ." (R&R 14, PgID 984.) As another Court in this District observed:

> Plaintiff argues that the magistrate judge erred in conducting her own "post hoc" analysis of the record and substituting her analysis for the ALJ's. This objection is also without merit. Plaintiff's objection misconstrues the report and recommendation. In the report, the magistrate is not engaged in impermissible post hoc analysis, but has merely set forth the challenged listings to illustrate how the record has not raised "a substantial question as to whether the claimant could qualify as disabled under a listing[.]" *Sheeks [v. Comm'r of Soc. Sec.],* 544 Fed. Appx. 639, [641 (6th Cir. 2013)] (quoting *Abbott [v. Sullivan,]* 905 F.2d 918], 925 [(6th Cir. 1990)].

*Kohls v. Comm'r of Soc. Sec.*, No. 15-cv-11554, 2016 WL 4523573, at *3 (E.D. Mich. Aug. 30, 2016).

In the objections, Plaintiff does not dispute any of these legal principles. Nor does Plaintiff "point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Id*. (internal quotation marks and citation omitted). "An impairment that manifests only some of the criteria, no matter how severely, does not qualify." *Id*. Indeed, Plaintiff's objection and the record demonstrate that just the opposite is evident here. Listing 1.04 relating to disorders of the spine expressly requires "evidence of nerve root compression" characterized by a number of associated physical manifestations. (R&R 16, PgID 985) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04). Plaintiff was also required to demonstrate that these abnormal physical findings were simultaneously

8

present for a period of at least 12 months. (*Id.*) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D.) Here, Plaintiff concedes that Plaintiff's "nerve root abutment" does not amount to impingement or compression as required by Listing 1.04A. "While there is not exact "impingement" as Subpart A requires to meet Listing 1.04A, there is abutment to the nerve root, which can affect the nerve significantly." (Objs. 9, PgID 1023.) As the Magistrate Judge observed, "nerve-root *abutment* does not satisfy Listing 1.04A's requirement of nerve-root *compression*." (R&R 16, PgID 985) (quoting *Adams v. Comm'r of Soc. Sec.*, No. 13-11132, 2014 WL 897381, at *9 n. 5 (E.D. Mich. March 6, 2014)). The Magistrate Judge did not err in reviewing the record evidence to conclude that the Plaintiff has failed to demonstrate how he meets or medically equals Listing 1.04A.

The same holds true with respect to Plaintiff's claim that the Magistrate Judge erred in concluding that Plaintiff did not produce sufficient evidence to demonstrate that he suffered from chronic venous insufficiency of a lower extremity and therefore meets or medically equals Listing 4.11. Listing 4.11 requires evidence of "extensive brawny edema" in at least two-thirds of the leg OR "superficial varicosities, stasis dermatitis, AND either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment." (R&R 18, PgID 987) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.11.) As the Magistrate Judge correctly

9

observed, although Plaintiff was assessed in April and May 2013 as having deep vein thrombosis, later studies determined that the condition no longer persisted. (R&R 18, PgID 987.) Plaintiff does not contest in his objections that testing in February 2014, showed no evidence of arterial insufficiency in either lower extremity and testing in June and September 2014, was negative for deep venous thrombosis. In fact, Plaintiff expressly admits in his objection that "a venous Doppler did not reveal deep venous thrombosis" as of September 2014, but urges the Court to credit Plaintiff's testimony at the administrative hearing about what doctors allegedly told him during an ER visit and to rely on a reported history of a genetic disposition to deep vein thrombosis, to find that Plaintiff nonetheless meets or equals Listing 4.11, despite the record evidence suggesting the opposite. (Objs. 7-8, PgID 1021-22.) This evidence cannot substitute for the documented medical findings required to meet or medically equal the specific criteria for Listing 4.11. Nor does Plaintiff contest the Magistrate Judge's conclusion that Plaintiff presented no evidence of "brawny edema" involving at least two-thirds of the leg or superficial varicosities and recurrent or persistent ulceration that has failed to heal for a 3 month period. (R&R 18-19, PgID 987-88.) The Magistrate Judge correctly concluded that Plaintiff has "wholly failed to produce any evidence, as is his burden, to show that he meets or medically equals Listing 4.11."

## IV. CONCLUSION

The Magistrate Judge did not engage in impermissible *post hoc* rationalization and did not err in concluding that Plaintiff has failed to make "the threshold showing of evidence supporting the listing[s]." *Smith-Johnson*, 579 F. App'x at 433 n. 5. The Magistrate Judge correctly concluded that the ALJ's opinion is supported by substantial evidence. Accordingly, the Court:

1) OVERRULES Plaintiff's Objections (ECF No. 22);

2) ADOPTS Magistrate Judge Patti's January 23, 2019 Report and Recommendation (ECF No. 18);

3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 15) and GRANTS the Defendant's Motion for Summary Judgment (ECF No. 17); and

4) AFFIRMS the decision of the Commissioner.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2019